```
 1  BILL LOCKYER
    Attorney General of the State of California
 2  TOM BLAKE, State Bar No. 51885
    TROY OVERTON, State Bar No. 171263
 3  Deputy Attorneys General
      455 Golden Gate Avenue, Suite 11000
 4    San Francisco, CA 94102-7004
      Telephone: (415) 703-5506
 5    Fax: (415) 703-5480
      Email: tom.blake@doj.ca.gov
 6
    Attorneys for Defendants Matt Seck, Bret Ajax,
 7  Francisco Gonzalez, Mark Mccullough, Edgar Valdes,
    Derrick Marion, Dave Bickel, Jesus Gutierrez, Kate
 8  Newman, Natasha Vasquez, Joe Mccullough, Alba
    Espinoza, Allison Martinez, Kevin Ortega, and Rick
 9  Zamora
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ROSEANN MCLEAN, | C06-04795 JF HRL |
|---|---|
| Plaintiff, | **ANSWER TO COMPLAINT FOR DAMAGES** |
| v. | **DEMAND FOR JURY TRIAL** |
| MATT SECK in his personal capacity; BRET AJAX in his personal capacity; FRANCISCO GONZALEZ in his personal capacity; MARK McCULLOUGH in his personal capacity; EDGAR VALDES in his personal capacity; DERRICK MARION in his personal capacity; DAVE BICKEL in his personal capacity; JESUS GUTIERREZ in his personal capacity; KATE NEWMAN in her personal capacity; NATASHA VASQUEZ in her personal capacity; JOE McCULLOUGH in his personal capacity; ALBA ESPINOZA in her personal capacity; ALLISON MARTINEZ in her personal capacity; KEVIN ORTEGA in his personal capacity; and RICK ZAMORA in his personal capacity, and DOES 1 through 10, inclusive, | |
| Defendants. | |

COMES NOW defendants Matt Seck, Bret Ajax, Mark Mccullough, Edgar Valdes, Derrick Marion, Dave Bickel, Jesus Gutierrez, Kate Newman, Natasha Vasquez, Joe Mccullough,

Answer to Complaint; Demand for Jury Trial          Case No. C06-04795 JF HRL, McClean v. Seck,, et al.

1

Alba Espinoza, Allison Martinez, Kevin Ortega, and Rick Zamora and in answer to plaintiff's Complaint for Damages admit, deny and allege as follows:

1. Answering paragraphs 1, 2, 3, and 4 of the complaint, answering defendants admit that this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and that venue in this district and division is proper. The remaining allegations of said paragraphs are conclusions of law which do not require an answer. To the extent that said paragraphs may be deemed to require an answer, answering defendants deny each and every allegation of said paragraphs.

2. Answering paragraph 5 of the complaint, answering defendants admit that answering defendants were agents and employees of the State of California and were acting within the course and scope of their duties. Answering defendants deny each and every remaining allegation of said paragraph of the complaint.

3. Answering paragraphs 6 and 7 of the complaint, answering defendants admit the allegations in said paragraphs of the complaint.

4. Answering paragraphs 8, 9, 10, 11, 12, 13, and 14 of the complaint, answering defendants have no information or belief upon the subjects of said paragraphs sufficient to enable defendants to answer the allegations and, on that ground, deny each and every allegation of said paragraphs of the complaint.

5. Answering paragraphs 15, 16, 17, and 18 of the complaint, said paragraphs contain conclusions of law which do not require an answer. To the extent that said paragraphs may be deemed to require an answer, answering defendants deny each and every allegation of said paragraphs.

6. Answering paragraphs 19 and 20 of the complaint, answering defendants have no information or belief upon the subjects of said paragraphs sufficient to enable defendants to answer the allegations and, on that ground, deny each and every allegation of said paragraphs of the complaint.

7. Answering paragraph 21 of the complaint, said paragraph contains conclusions of law which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering defendants deny each and every allegation of said paragraph.

8. Answering paragraphs 22 and 23 of the complaint, answering defendants have no information

Answer to Complaint; Demand for Jury Trial    Case No. C06-04795 JF HRL, McClean v. Seck,, et al.

2

or belief upon the subjects of said paragraphs sufficient to enable defendants to answer the allegations and, on that ground, deny each and every allegation of said paragraphs of the complaint.

9. Answering paragraphs 24, 25, and 26 of the complaint, said paragraphs contain conclusions of law which do not require an answer. To the extent that said paragraphs may be deemed to require an answer, answering defendants deny each and every allegation of said paragraphs.

10. Answering paragraphs 27, 28, 29, and 30 of the complaint, answering defendants have no information or belief upon the subjects of said paragraphs sufficient to enable defendants to answer the allegations and, on that ground, deny each and every allegation of said paragraphs of the complaint.

11. Answering paragraph 31 of the complaint, said paragraph contains conclusions of law which do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering defendants deny each and every allegation of said paragraph.

12. Answering paragraphs 32 and 33 of the complaint, answering defendants have no information or belief upon the subjects of said paragraphs sufficient to enable defendants to answer the allegations and, on that ground, deny each and every allegation of said paragraphs of the complaint.

13. Answering paragraphs 34 and 35 of the complaint, said paragraphs contain conclusions of law which do not require an answer. To the extent that said paragraphs may be deemed to require an answer, answering defendants deny each and every allegation of said paragraphs.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering defendants allege as follows:

AFFIRMATIVE DEFENSE NO. 1.:

The complaint and each cause of action therein fail to allege facts sufficient to constitute a claim.

AFFIRMATIVE DEFENSE NO. 2.:

The complaint and each cause of action therein are uncertain.

AFFIRMATIVE DEFENSE NO. 3.:

Answering defendants are entitled to qualified and official and quasi-judicial immunity. Defendants acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. *Harlow* v. *Fitzgerald*, 457 U.S. 800, 818, 73 L.Ed.2d 396, 102 S.Ct. 2727 (1982).

AFFIRMATIVE DEFENSE NO. 4.:

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the complaint, it was privileged as necessary to effect arrest, to prevent escape, and to overcome resistance.

AFFIRMATIVE DEFENSE NO. 5.:

There is no imputed liability between public officers and between public officers and employing public entities in actions under the Federal Civil Rights Act. There is no vicarious or respondeat superior liability under 42 U.S.C. §1983 or otherwise under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 6.:

The action is barred by the doctrines of laches and unreasonable delay.

AFFIRMATIVE DEFENSE NO. 7.:

At the times and places alleged in the complaint, plaintiff willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the complaint by unlawful and wrongful conduct. The force employed, if any, to prevent the continuance of such conduct was reasonable and not excessive.

AFFIRMATIVE DEFENSE NO. 8.:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence and misconduct of plaintiff, who failed to

Answer to Complaint; Demand for Jury Trial    Case No. C06-04795 JF HRL, McClean v. Seck,, et al.

4

exercise ordinary care at the times and places alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 9.:

Plaintiff herein willingly, voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 10.:

At the time and place alleged in the complaint, the individual defendants were peace officers in the course and scope of employment. At all relevant times, defendants had reasonable cause to believe that plaintiff had committed a public offense in an officer's presence, to wit, a violation of the law of the State of California, and so believing, exercised the power, and discharged the duty, of lawful arrest or detention.

AFFIRMATIVE DEFENSE NO. 11.:

Plaintiff willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, defendants, whom plaintiff knew or reasonably should have known to be peace officers, and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the complaint. Such conduct is a reasonable implied assumption of the risk.

AFFIRMATIVE DEFENSE NO. 12.:

Only reasonable force and restraint were used in the incident alleged in the complaint. Plaintiff knew or should have known that an arrest or detention was being made by peace officers and had a duty to refrain from using force or any weapon to resist any such arrest or detention, and was in violation of California Penal Code §§ 148, 241, 243, 245 and 834a in failing to refrain from assaulting, threatening, battering, obstructing and resisting a peace officer.

AFFIRMATIVE DEFENSE NO. 13.:

The complaint herein fails to state facts sufficient to constitute a claim in that simple negligence is not a federal civil rights violation. *Daniels* v. *Williams* 474 U.S. 327, 88 L.Ed.2d 662, 106 S.Ct. (1986).

AFFIRMATIVE DEFENSE NO. 14.:

Without admitting any of the allegations of plaintiff's pleading, plaintiff failed to mitigate

her damages, if any, and is barred from compensation for losses which could have been prevented by reasonable efforts on her part..

AFFIRMATIVE DEFENSE NO. 15.:

Plaintiff's own conduct stops her from asserting the causes of action set forth in her purported pleadings.

AFFIRMATIVE DEFENSE NO. 16.:

The injuries and damages complained of by plaintiff, if any there were, were either in whole or in part directly and proximately caused by the acts of persons and entities other than the defendants and these acts comparatively reduce the proportion of corresponding liability which may otherwise be attributed to defendants.

**WHEREFORE**, answering defendants pray that plaintiff take nothing by reason of the complaint on file herein, and that answering defendants be awarded costs of suit and such further relief as the Court may deem just and appropriate.

Dated: September 22, 2006

BILL LOCKYER
Attorney General of the State of California

/s/ Tom Blake

TOM BLAKE
Deputy Attorney General

Attorneys for Defendants Matt Seck, Bret Ajax, Francisco Gonzalez, Mark Mccullough, Edgar Valdes, Derrick Marion, Dave Bickel, Jesus Gutierrez, Kate Newman, Natasha Vasquez, Joe Mccullough, Alba Espinoza, Allison Martinez, Kevin Ortega, and Rick Zamora

Answer to Complaint; Demand for Jury Trial          Case No. C06-04795 JF HRL, McClean v. Seck,, et al.

6

**DEMAND FOR JURY**

Answering defendants respectfully demand trial by jury.

Dated: September 22, 2006

        BILL LOCKYER
        Attorney General of the State of California

        /s/ Tom Blake

        TOM BLAKE
        Deputy Attorney General

        Attorneys for Defendants Matt Seck, Bret Ajax, Francisco Gonzalez, Mark Mccullough, Edgar Valdes, Derrick Marion, Dave Bickel, Jesus Gutierrez, Kate Newman, Natasha Vasquez, Joe Mccullough, Alba Espinoza, Allison Martinez, Kevin Ortega, and Rick Zamora

Answer to Complaint; Demand for Jury Trial     Case No. C06-04795 JF HRL, McClean v. Seck,, et al.

7